Case 2:16-cv-00322   Document 17   Filed in TXSD on 10/28/16   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
October 28, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHRISTOPHER ALAN LUPER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL NO. 2:16-CV-322 |
| § | |
| UNIVERSITY OF TEXAS MEDICAL § | |
| BRANCH, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated TDCJ-CID's McConnell Unit in Beeville, Texas. He filed this lawsuit pursuant to 42 U.S.C. § 1983, complaining about having medicine given to him that should have abeen given to a different inmate (D.E. 1). A recommendation to dismiss Plaintiff's claims is pending, and Plaintiff timely filed objections (D.E. 13, 15). Pending is Plaintiff's motion for appointment of counsel (D.E. 14).

In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, *Bounds* did not create a "free-standing right to a law library or legal assistance."

*Lewis v. Casey*, 116 S. Ct. 2174, 2180 (1996). It is within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Department*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* This case is not overly complex. According to plaintiff, defendants gave him unknown medication not prescribed for him on a single occasion and then denied having done so (D.E. 1). Plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* Plaintiff's pleadings and his testimony during an evidentiary hearing demonstrate he is reasonably articulate and intelligent. He was able to file objections to the memorandum and recommendation and to cite case law, reflecting that he is able to use the law library. Plaintiff appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Id.* Examination of this factor is premature because the case has not yet been set for trial.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award

attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.  Plaintiff's motion for appointment of counsel (D.E. 14) is denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 28th day of October, 2016.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE